IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY J. COWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 08-0962 |
| | ) |
| CREDITORS INTERCHANGE | ) |
| RECEIVABLE MANAGEMENT, LLC, | ) |
| Defendant. | ) |
| | ) |
| | ) |
| AMBROSE, Chief District Judge | ) |

**OPINION AND
ORDER OF THE COURT**

**Synopsis**

Plaintiff Timothy J. Cowell, on behalf of himself and others similarly situated, commenced this class action seeking damages for Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "Act"). Defendant Creditors Interchange Receivable Management, LLC ("Defendant") moves to dismiss the complaint [Docket No. 13] on the ground that Plaintiff failed validly to dispute the debt at issue, and therefore, Defendant's continued attempts to collect the debt were entirely lawful. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. For the reasons set forth below, I deny Defendant's motion to dismiss the complaint.

**I. Applicable Standards**

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most

favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). "The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim." Williams v. Sebek, 2007 WL 790386, at *1 (W.D. Pa. Mar. 14, 2007) (citing Neitzke v. Williams, 490 U.S. 319 (1989)). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

## II. Factual Allegations

Plaintiff is a resident of Pennsylvania residing in Homer City. (Complaint [Docket No. 1], at ¶ 2.) Plaintiff allegedly incurred a personal debt to FIA Card Services, N.A., which debt was referred and/or assigned to Defendant for collection. (Id. at ¶¶ 6-7.) Defendant sent a collection letter, dated June 13, 2007, to Plaintiff. (Id. at ¶ 8.) Plaintiff received the letter. (Id. at ¶ 9.) A copy of the collection letter is annexed to the Complaint.

On or about July 11, 2007, Able Debt Settlement, Inc.("Able"), on behalf of Plaintiff, sent a letter to Defendant identifying Plaintiff and the debt, and notifying Defendant that Able " is the lawfully empowered *attorney-in-fact* appointed and directed by the above Client as demonstrated by the *"Limited Power of Attorney"* signed by said Client and included herewith." (Emphasis in original; a copy of the Able letter is annexed to the Complaint.) The letter further informed Defendant that the letter constituted "a notice that your claim is disputed" and requested that Defendant provide validation of the debt, including its authority to collect the debt. (Id.) The limited power of attorney was signed by Plaintiff and directed that Defendant send all further communications relating to the debt to Able. (Docket No. 13-2.)

Notwithstanding Plaintiff's written dispute of the debt, Defendant and its agents

"persisted in harassing [Plaintiff], ignoring his dispute and demanding payment of the debt, by mail and telephone." (Docket No. 1, at ¶ 11.) On or about July 16, 2007, Defendant sent another notice to Plaintiff, stating:

> We have tried diligently on numerous occasions, both by telephone and mail, to reach you but have been unsuccessful. We would like your cooperation in establishing a mutually suitable payment arrangement and avoiding other steps by our client to enforce payment. You failure to respond to our previous collection attempts regarding this account leaves us in doubt as to your good faith intentions. Unless we hear from you, we will have no choice but to assume you are trying to evade a just obligation, and we may have little choice but to forward this account to a collection law firm that litigates these accounts on behalf of our client."

(Id. at ¶ 12 (emphasis omitted).

Plaintiff alleges that this computer-generated letter contained representations intended to mislead and deceive the consumer in an attempt to coerce payment on a non-verified debt. (Id. at ¶ 13.) Plaintiff further alleges that this and other letters sent by Defendant "contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers (sic) rights," in violation of 15 U.S.C. § 1692 *et seq.*, including but not limited to subsections (d), (g), (e) and (f). (Id. at ¶¶ 15, 17.)

### III. Defendant's Motion To Dismiss

Defendant argues that the June 13, 2007 letter from Able was inadequate to trigger the consumer protections of the Act. Specifically, Defendant claims that it did not receive the letter or the referenced limited power of attorney, but even if it had, they did not constitute a valid notice of dispute, and thus Defendant was entitled to continue its collection efforts. With respect to the class claims, Defendant argues that since Plaintiff's individual claims are legally

3

insufficient, the class claims must also be dismissed.

Section 1692g of the Act provides:

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) *Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor is mailed to the consumer by the debt collector. . . .*

15 U.S.C. § 1692g (emphasis added). Section 1692a of the Act defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."

According to the allegations of the Complaint, Plaintiff authorized Able to dispute the debt on Plaintiff's behalf, and such authorization and notification of dispute was conveyed to Defendant. Defendant nevertheless continued to call and send dunning letters to Plaintiff. These allegations state a claim under section 1692g of the Act.

4

While the dispute letter was sent by Able, rather than directly by Plaintiff, the Act does not require that the consumer send the letter himself. In Owens v. Howe, 2004 U.S. Dist. Lexis 22728, at *38 (N.D. Ind. Nov. 8, 2004), the debt collector argued that it had no duty to verify the debt where the dispute letter had been written by the debtor's wife rather than the debtor himself. The district court disagreed, explaining that "the communication was clearly sent at Owen's direction, and that is all the Act requires." Id. Similarly, in Gostony v. Diem Corp., 320 F. Supp.2d 932, 942 (D. Ariz. 2003), the defendant debt collectors received a dispute letter from someone claiming to be the plaintiff's father. The district court denied summary judgment on the plaintiff's claim, finding that questions of fact remained regarding whether the defendants were aware of whom the letter's author was and whether the defendants could have known he was authorized to act on the debtor's behalf. Id. Accordingly, the allegation that the dispute letter herein was sent by Able, rather than Plaintiff himself, does not warrant dismissal of this action.

The remaining issue raised by Defendant - whether Able had the legal authority to act on Plaintiff's behalf with respect to the debt - is not suitable for adjudication on a motion to dismiss, where all the Plaintiff's allegations must be taken as true. The Act merely prohibits a debt collector from communicating with third parties about the debt "without the prior consent of the consumer given directly to the debt collector. . . ." 15 U.S.C. § 1692c(b). Here, Plaintiff has alleged that he provided such consent through the signed limited power of attorney. Defendant has cited no authority to support his position that such a communication as a matter of law does not meet the consent requirements of the Act. Accordingly, Defendant is not entitled to dismissal

on this basis.[1]

## Conclusion

Based on the foregoing, Defendant's motion to dismiss is denied.

## ORDER OF COURT

Having carefully considered Defendant's motion to dismiss the Complaint [Docket No. 13], Plaintiff's opposition thereto [Docket No. 18], and Defendant's reply [Docket No. 22], it is hereby ORDERED that Defendant's motion to dismiss is DENIED.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
Chief U.S. District Judge

---

[1] Further, Defendant's motion addresses only Plaintiff's claims under section 1692g. The Complaint also alleges that Defendant's actions violated sections 1692d, 1692e and 1692f of the Act. (Docket No. 1, at ¶¶ 17, 21.)